Jones, J.
(concurring). I think the weight of authority is to the effect that the management of the temporal affairs and of the property of religious corporations is vested exclusively in the trustees; that they are to determine whether it is necessary or • expedient to sell the real estate of the corporation, and the terms on which the sale should be made ; and it is for them to apply to the Court to obtain leave to carry out their plans.
It follows from this that it is not necessary there should be any resolutions by the corporators authorizing a sale and application to the Court, nor that a sale and application should be assented to or authorized by the corporators, or any of them; but the application of the trustees only gives the Court jurisdiction to authorize a sale.
It is true, the Court may hear the corporators in opposition to the application of the trustees, and perhaps may even deny the application on the specific ground that a majority of the corporators object to a sale. So, also, the Court may, on application *125 of a corporator, restrain the action of the trustees in like cases, where it will interfere with the action of the trustees or directors of any other corporation. But the action of the Court in these cases is based on the very ground that the trustees have power to contract to sell, and apply to the Court for leave to carry out this contract, without any special authorization from the corporators, and without asking for or obtaining the consent of the corporators, or any of them.
This view disposes of the first, second, and third of appellants’ points.
The fourth point has been passed on at a previous General Term adversely to the appellants.
I concur in affirming the judgment, with costs.